IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BERNARD GEE,**

      **Plaintiff,**

      **v.**                                          Case No. 16-2407

**WESTGATE TOWERS,**

      **Defendant.**

## MEMORANDUM & ORDER

This matter comes before the court following the court's issuance of an order to show cause to which plaintiff Bernard Gee responded on August 25, 2016. Plaintiff filed this case on June 10, 2016, using the courts civil complaint form. (Doc. 1.) The court granted plaintiff leave to proceed in forma pauperis but denied him appointed counsel. (Docs. 5, 6.) On July 28, 2016, defendant Westgate Towers, filed its Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for a More Definite Statement (Doc 10). Plaintiff failed to respond. Local Rule 7.4(b) provides that a party or attorney who does not timely file a response brief waives the right to later file such a brief and that the court will decide such motions as unopposed and usually grant them without further notice. D. Kan. Rule 7.4(b). Because plaintiff proceeds pro se, and out of an abundance of caution, the court first issued an order to show cause. (Doc. 12.)

The order to show cause required plaintiff to explain, in writing, on or before September 1, 2016, why defendant's motion to dismiss (Doc. 10) should not be granted as unopposed. Additionally, plaintiff was required to file any response to defendant's motion to dismiss by September 1, 2016, that he wanted the court to consider. The court advised plaintiff that failure to respond to the order to show

cause, or to file a response as directed, would result in the court considering defendant's motion (Doc. 10) as unopposed as described by D. Kan. Rule 7.4(b).

As mentioned above, on August 25, 2016, plaintiff responded to the order to show cause, citing medical and personal issues as the basis for his failure to participate in this case. He noted that he is now able to participate and asks the court not to dismiss his claim but to continue with the complaint he filed. Plaintiff filed no other response to defendant's motion to dismiss. Because plaintiff did not file a substantive response to the motion to dismiss, or a motion for extension of time to respond, the court considers defendant's motion to dismiss unopposed. Local Rule 7.4(b) provides that: "if a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." Defendant's motion to dismiss is therefore granted as unopposed. Because plaintiff proceeds pro se, and out of an abundance of caution, the court also rules on the motion to dismiss on its merits.

Defendant seeks dismissal of plaintiff's claims under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction, 12(b)(2) for lack of personal jurisdiction, and 12(b)(6) for failure to state claim upon which relief can be granted. (Doc. 10.)

Federal courts are courts of limited jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Plaintiff bears the burden of establishing personal jurisdiction over defendant. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). In the jurisdiction section of the court's civil complaint form, plaintiff filled out the section applicable for diversity jurisdiction but stated that both he and defendant are citizens of the State of Kansas. Plaintiff does not make any other attempt to establish jurisdiction and therefore failed to establish a prima facie case for jurisdiction. Defendant's motion to dismiss is granted for lack of jurisdiction.

When deciding a motion to dismiss, the court must determine "whether the complaint contains enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of what the claims are and grounds upon which they rest. *Keys v. Obama*, No. 13-4103-EFM, 2014 WL 856632, at *1 (D. Kan. Mar. 5, 2014). In reviewing a motion to dismiss under Rule 12(b)(6), the court takes all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. Because plaintiff appears pro se the court construes his filings liberally and applies a less stringent standard than that which applies to attorneys, but the court will not act as his advocate. *Mavrovich v. Vanderpool*, 427 F. Supp. 2d 1084, 1089–90 (D. Kan. 2006). Plaintiff does not meet this standard.

Under the section of the court's civil complaint form entitled "Statement of Claim," plaintiff states: "5/16 – 6/16 violation of safe + fair housing & discrimination of race & religion." (Doc. 1 at 3.) Additionally, an attachment to plaintiff's complaint describes an incident at his apartment complex between plaintiff's guest and a person identified as Mr. Washington. (*Id.* at 7.) Plaintiff's guest was leaving the building and Mr. Washington asked her for $40–50. Plaintiff's attachment describes plaintiff's subsequent, apparently related, confrontation with Mr. Washington about the incident and subsequent interactions between Mr. Washington and plaintiff and plaintiff and others. The document does not explain how the incident or subsequent interactions relate to defendant, except that plaintiff mentions that he reported the events to the "head manager." (*Id.* at 8.)

The complaint also includes what appears to be a statement from Ashley Carter, a resident at Westgate Towers. This statement is not notarized. Ms. Carter explains that Mr. Washington

Kendricks is a manager there and details several encounters with Mr. Washington. These included requests for money and Mr. Washington's inappropriate sexual comments to Ms. Carter. Plaintiff seeks "safer living arrangements, compensation for moving expenses & pain & suffering" as well as the "maximum amount allowed by ks laws, disabled & on a fixed income suffering do to unsafe environment." (*Id.* at 4.)

Plaintiff does not cite a legal theory for relief except "violation of safe + fair housing & discrimination of race & religion." Plaintiff does not set out any facts relating to discrimination based on race or religion. He does not explain how defendant is involved. Plaintiff seems to suggest that he no longer lives in the same apartment and that he seeks damages for the trouble this caused him, but he does not explain whether he was evicted, whether he left voluntarily, or what any of the events described in his complaint have to do with discrimination or safe and fair housing. If plaintiff is alleging a violation of the Fair Housing Act, he does not explain whether he is a person covered by the Act. Even construing the facts and inferences from the stated facts in plaintiff's favor, plaintiff has not shown that defendant is liable for the misconduct alleged. Plaintiff describes Mr. Washington as an unpleasant fellow who verbally harasses people at an apartment complex where plaintiff used to live. He does not set out a short and plain statement explaining why he is entitled to relief from defendant. For these reasons, the court grants defendant's motion to dismiss for failure to state a claim.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Doc. 10) is granted. This case is closed.

Dated September 12, 2016, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**